# UNITED STATES DISTRICT COURT
### for the
### Southern District of West Virginia



FILED
DEC 2 0 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Cellular Telephone more fully described in Attachment A<br>(incorporated by reference). | )<br>)<br>)  Case No.  3:19-mj-00084<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Southern_____ District of _____West Virginia_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with intent to distribute methamphetamine |

The application is based on these facts:

See affidavit at Attachment C.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Sean McNees, SA, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  December 20, 2019

*Judge's signature*

City and state:  Huntington, WV

Cheryl A. Eifert, United States Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

One black, white and silver in color cellular telephone manufactured by LG (see below). This cellular telephone was seized from Marquette EANES in the 300 Block of Olive Street, Huntington, West Virginia on December 12, 2019, by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and is currently in the custody of the ATF.



**ATTACHMENT B**

Any property that constitutes evidence of the commission of or the conspiracy to commit a criminal offense; or contraband, the fruits of crime, or things otherwise criminally possessed; or property designed or intended for use or which is or has been used as the means of committing a criminal offense; to include, but not limited to the below items:

1. Cellular telephone, to include, but not limited to the following areas/items:

    a. lists of customers and related identifying information;

    b. types, amounts, and prices of narcotics possessed or trafficked as well as dates, places, and amounts of specific transactions;

    c. any information related to sources of narcotics(including names, addresses, phone numbers, or any other identifying information);

    d. any information recording the above-listed individual's schedule or travel;

    e. all bank records, checks, credit card bills, account information, and other financial records;

    f. Evidence of user attribution showing who used or owned the cellular telephones at the time the

things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

   g. Access to social media available on the cellular telephones to search for the items listed in this attachment.

   h. In addition, permitting the search of the memory of such devices for:

      i. all telephone numbers and direct connect numbers or identities assigned to the device, including the Electronic Serial Number (ESN) and the International Mobile Subscriber Identity number (IMSI) relating to the cellular telephones;

      ii. Call and direct connect history information, including dates, times, and duration of telephone calls, as well as the contact information related to those calls;

      iii. Telephone book or list of contacts;

      iv. All photographs, video footage, text messages, and emails evidencing narcotics distribution and trafficking;

      v. Text messages relating to narcotics possession, transactions, payment for such transactions, or arrangements to meet for such transactions;

vi. Email messages relating to narcotics possession, transactions, payment for such transactions, or arrangements to meet for such transactions;

vii. Photographs and/or videos, in particular photographs and/or videos of co-conspirators, assets, and/or narcotics.

2. This warrant authorizes the search and forensic examination of cellular telephones and digital devices seized for the purpose of identifying the electronically stored information on the cellular telephones and digital devices that relate to a violation of 21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute Methamphetamine.

**A F F I D A V I T**

STATE OF WEST VIRGINIA

COUNTY OF Cabell, to-wit:

    I, Sean McNees, being first duly sworn, do hereby depose and state as follows:

### Affiant Training and Experience

    1.   I am currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since January 2016. I am assigned to ATF's Charleston, West Virginia, Field Office.

    2.   I have investigated arson, crimes of violence, conspiracies to commit various crimes involving the use of firearms, the illegal possession, use, and sale of firearms, and the possession, use, and trafficking of illegal controlled substances. I have purchased controlled substances utilizing cooperating individuals in controlled buys. I am familiar with the appearance, packaging, paraphernalia, and distribution of cocaine, crack cocaine, heroin, marijuana, LSD, pharmaceuticals, methamphetamine, and other street drugs. I am also familiar with tactics used by illegal possessors and traffickers of firearms to possess, maintain, acquire, and distribute their firearms.

    3.   I graduated from a ten-week criminal investigator training course at the Federal Law Enforcement Training Center, where I learned basic criminal investigation techniques. In addition, I graduated from the twelve-week ATF National Academy,

where I learned about federal firearms laws, federal explosives laws, bomb scene investigations, and arson investigations.

4. This affidavit is made in support of a search warrant for one (1) cellular telephone further described in Attachment A, which I believe contains evidence of a violation of 21 U.S.C § 841(a)(1)- Possession With Intent to Distribute Methamphetamine. The information detailed in this affidavit is based upon my investigation into Marquette EANES. The events described in this affidavit occurred in Huntington, West Virginia and within the Southern District of West Virginia.

## Background of the Investigation

5. On December 12, 2019, I was working surveillance and criminal interdiction with members of the Huntington Police Department (HPD) Drug and Violent Crime Unit. While working interdiction, Cabell County 911 received a call and was advised that EANES was selling narcotics in the area of Marcum Terrace. The caller identified EANES by name, gave a detailed description of EANES, and advised that EANES was in possession of two (2) firearms.

6. The above mentioned investigators and several HPD marked patrol units travelled to the area around Marcum Terrace. Officers were aware that EANES was a convicted felon and had a history of possessing firearms. The officers also believed that EANES was

possibly still on parole and believed that he had active State warrants for his arrest.

7. Once in the area of Marcum Terrace, an individual matching the description of EANES was observed in the 300 Block of Olive Street, standing in front of a residence with a known history of being involved with illegal narcotics. The front door to the residence was open. HPD Sgt. Paul Hunter observed the individual and identified him as EANES. When approached by an officer, EANES fled on foot and was pursued. EANES ran from Olive Street towards Marcum Terrace and ended up behind a unit in the 200 Block of Marcum Terrace, at which time he was apprehended. Officers then recovered a loaded, Ruger, model P89DC, 9mm pistol, serial number 310-26787 from EANES's waistband, and a loaded Smith & Wesson, model 642 Airweight, .38 caliber revolver, serial number CVU0487, which fell through EANES's pants and was recovered at the bottom of his right pants leg. Officers also recovered approximately 26.0 grams of a crystalline substance, that field tested positive for methamphetamine, which was located in a plastic baggy in a pocket inside the vest that EANES was wearing. An additional plastic baggy containing approximately 2.4 grams of an unknown yellow in color powder was also located in the same vest pocket. The subject LG cellular phone, further described in Attachment A, was also located on EANES's person.

8. EANES had previously been convicted of multiple federal

3

felony offense, the most recent being a violation of Title 18, U.S.C. § 922(g)(1) - Felon in Possession of a Firearm- on August 29, 2011 in the Southern District of West Virginia.

9. At the time the above mentioned items were located on EANES's person he was placed under arrest for violation of Title 18, U.S.C § 922(g)(1)- Felon in Possession of Firearms.

10. Based on my training, education, experience, and discussions with other trained investigators, I know that an amount of methamphetamine weighing approximately 26.0 grams is indicative of narcotics distribution and is not a user quantity of controlled substance. I also know that it is a common practice for drug traffickers to use and keep cellular telephones in order to facilitate their drug trafficking business. Cellular telephones allow traffickers to remain in close and nearly instantaneous communication with their customers and suppliers. In my experience, it is common that the electronic memories of cellular telephones used by drug distributors and users contain evidence of drug trafficking. This evidence includes call logs, text messages, stored emails, contact lists, photographs and video images of drugs, drug proceeds, and drug trafficking paraphernalia and activity. Additionally, cellular telephones, like the LG phone taken from EANES, have mapping and other applications installed within their operating systems that capture location data identifying travel to and from places where drug traffickers store,

sell, use or distribute controlled substances, keep property used to facilitate drug trafficking and maintain the proceeds of drug trafficking.

11. I am submitting this affidavit in support of an application for a warrant to search data stored on the cellular telephone referenced herein and described in Attachment A. The cellular telephone is currently in my custody at the ATF Field Office in Charleston, West Virginia where it has been securely stored since December 13, 2019.

12. A cellular telephone is a handheld wireless device used primarily for voice communications through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the phone number, date, and time of calls made to and from the phone.

13. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the cellular telephone contains evidence of violation of 21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute Methamphetamine.

14. Searching the cellular telephone for the evidence described above may require a range of data analysis techniques. In some cases, it is possible for agents to conduct carefully targeted searches that can discern evidence without requiring a time consuming manual search through unrelated materials that may be commingled with criminal evidence. Criminals can mislabel or hide directories and other electronic data to avoid detection or take other steps to frustrate law enforcement searches for incriminating data. These steps may require agents to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files, or opening every file and scanning its contents briefly to determine if it falls within the scope of the warrant. In light of these difficulties, I request permission to use whatever data analysis techniques appear to be necessary to locate and retrieve the evidence described above. While the cellular telephone is capable of accessing the internet and service providers maintaining servers or similar electronic storage facilities, this warrant seeks authority solely to examine the memory of the cellular telephone itself. At no time will techniques be utilized to access data stored at any location other than within the memory of the cellular telephone.

15. The information set forth herein establishes probable cause that EANES has possessed methamphetamine with the intention of distributing it in violation of 21 U.S.C. § 841(a)(1). Further,

6

probable cause exists that evidence of these offenses is currently located within the memory of the cellular telephone described in Attachment A that was seized during his arrest on December 12, 2019.

16. WHEREFORE, I respectfully request issuance of a search warrant to search the identified data stored within the LG cellular telephone described herein and in Attachment A.

Further, your affiant sayeth naught.

_____
Sean A. McNees, SA, ATF

Sworn to before me, and subscribed in my presence, this the 20th day of December, 2019.

_____
CHERYL A. EIFERT
UNITED STATES MAGISTRATE JUDGE